UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID KIRCHER,

        Plaintiff,                CASE NUMBER: 06-14801
                                      HONORABLE VICTORIA A. ROBERTS

v.

CHARTER TOWNSHIP OF YPSILANTI[1],
RUTH JAMNICK, RONALD L. FULTON,
BARNES & BARNES PROPERTIES LLC,

        Defendants.
_____/

## ORDER DENYING DEFENDANT'S
## MOTION FOR RECONSIDERATION

On May 3, 2007, the Court dismissed Plaintiff's Complaint on the grounds that *Younger* abstention prevents Plaintiff from proceeding on federal claim while a state court proceeding is currently pending. Plaintiff asks the Court to reconsider its ruling on three grounds: (1) the Court stated in a scheduling conference that it would stay the case pending the conclusion of the parallel state action; (2) Plaintiff did not have an opportunity to object to dismissal; and (3) Plaintiff's Fifth Amendment rights have been violated. Plaintiff requests oral argument on this motion. Pursuant to local rule 7.1(e) "oral hearings on motions for . . . reconsideration, . . . will not be heard unless ordered by the assigned judge." The Court finds that oral argument is unnecessary.

---

[1] The Court's May 3, 2007 Order mistakenly listed the City of Ypsilanti as a Defendant instead of the Charter Township of Ypsilanti. The Court has corrected the Order.

1

Eastern District of Michigan Local Rule 7.1(g) provides for reconsideration if the movant demonstrates a palpable defect by which the court and the parties have been misled, and further demonstrates that correcting the defect will result in a different disposition of the case. "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F.Supp.2d 605, 624 (E.D.Mich. 2001). "[T[he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." L.R. 7.1(g)(3).

The Court is not persuaded that Defendant identified a "palpable defect" which warrants reconsideration. When a district court abstains under *Younger*, it has the option to dismiss the case without prejudice or hold the case in abeyance. *Coles v. Granville*, 448 F.3d 853, 866 (6th Cir. 2006). Plaintiff's claim of an unconstitutional taking without just compensation is not yet ripe for federal review. Plaintiff is currently involved in judicial sale proceedings in state court. Plaintiff has not been denied compensation and therefore has no injury necessary to make his case ripe for review.[2]

---

[2]Plaintiff points out that in *Ypsilanti Fire Marshall v. Kircher*, 273 Mich. App. 496 (2007), the Michigan Court of Appeals noted how grossly his due process rights were denied. The Court finds this case illustrative of its reasoning that Plaintiff is able to petition and receive relief for his due process claims through state court proceedings.
    Further, Plaintiff makes much of his claim that his property was taken without just compensation for alleged "private" instead of "public use." He argues that the Court missed this point in deciding to dismiss (rather than stay) his case. The Court notes, however, (without analyzing the substantive merits of Plaintiff's claim) that the Supreme Court "'long ago rejected any literal requirement that condemned property be put into use for the . . . public.' Rather, it has embraced the broader and more natural interpretation of public use as 'public purpose.' Without exception, the Court has defined that concept broadly, reflecting its longstanding policy of deference to legislative judgments as to what public needs justify the use of the takings power." *Kelo v. City of New London, Conn.,* 545 U.S. 469, 469 (2005)(citations omitted).

Thus, Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED**.

						S/Victoria A. Roberts
						Victoria A. Roberts
						United States District Judge

Dated: June 27, 2007

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 27, 2007.
>
> s/Carol A. Pinegar
> Deputy Clerk