UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID KIRCHER,

        Plaintiff,        CASE NUMBER: 06-14801
                                      HONORABLE VICTORIA A. ROBERTS

v.

CHARTER TOWNSHIP OF YPSILANTI,
RUTH JAMNICK, RONALD L. FULTON,
BARNES & BARNES PROPERTIES LLC,

        Defendants.
_____/

## AMENDED ORDER

**I. INTRODUCTION**

Plaintiff filed a Complaint alleging a violation of his Fifth Amendment Constitutional right arising from an ongoing state court proceeding. Because the Court finds *Younger* abstention applies, the Court dismisses this action and refrains from exercising jurisdiction at this time.

**II. BACKGROUND**

This case derives from a series of actions litigated in the Michigan state court system since 2004.[1]

David Kircher ("Plaintiff") alleges that the City of Ypsilanti, Ypsilanti supervisor Ruth Jamnick, Ypsilanti building inspector Ronald Fulton, and Barnes & Barnes ("Barnes") Properties, LLC (collectively "Defendants") violated his federal constitutional

---

[1] *Ypsilanti/Charter Township v. David Kircher*, Washtenaw County Circuit Court Docket No. 04-1074-CZ.

1

rights through their actions in a state court lawsuit over Plaintiff's property in Ypsilanti. The City of Ypsilanti and Barnes are parties to a state court proceeding in which the City of Ypsilanti sought an order declaring Plaintiff's property a nuisance. Barnes served as a receiver to abate the problem. Plaintiff claims that Defendants actions during the state court proceedings amount to an unlawful taking in violation of the Fifth and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. § 1983.

Plaintiff is the owner of Eastern Highlands, a 128 residential unit apartment complex in Ypsilanti, Michigan. The market value of Eastern Highlands is estimated to be in excess of 3.5 million. However, the condition of Eastern Highlands has been the subject of state court litigation.

On October 14, 2004, two county sheriff deputies discovered raw sewage pumped from a sewage containment onto a parking lot adjacent to one of the Eastern Highlands buildings. The state court issued a temporary restraining order and allowed Plaintiff to enter the premises to remedy the problem. Rather than fix the problem, Plaintiff pumped the pollutant back onto the property.

On October 20, 2004, the court found the property to be a public nuisance and ordered it abated. On October 29, 2004, the City of Ypsilanti added charges for violations of the property maintenance code, state and local fire codes, and city ordinances to their complaint against Plaintiff. After a hearing on November 19, 2004, Judge Donald E. Shelton found that Plaintiff had not abated the violations or fixed the sewage problem. He issued another Order for Continuing Nuisance. Plaintiff failed to comply and, the Court held him in contempt. Plaintiff spent three days in the county jail. On December 17, 2004, the Court entered another Order for Continuing Nuisance

Abatement and for Appointment of a Receiver due to Plaintiff's failure to cure the violations. On February 2, 2005, the Court appointed Barnes as the receiver.

After remedying the code violations, Barnes requested fees from the Court. In support of Barnes' fee motion, building inspector Fulton testified that the improvements made by Barnes were necessary to remedy the code violations and deplorable conditions. Fulton also testified that prior to the appointment of Barnes, Plaintiff obstructed his access to the apartment buildings and specific units. Once in, Fulton found a multitude of violations which Barnes abated. On April 19, 2006, the Court found the improvements necessary and ordered Plaintiff to pay Barnes $1,702,480.70. The Court attached a lien to the property in that amount and terminated the receivership.

Since April, 2006, both parties filed motions in state court. Barnes filed a motion to sell the property. According to the docket sheet provided by Defendants, it appears that the state court ordered a judicial sale. Most recently, Barnes filed a motion to confirm the judicial sale and the City of Ypsilanti filed a motion for equal priority to the judicial lien. On April 20, 2007, Judge Shelton issued an Order Confirming the Judicial Sale. Barnes filed a Motion for Entry of Judgment, which Judge Shelton will hear on May 16, 2007.

In this case, Plaintiff claims the state court entered the Judicial Sale Order in violation of his constitutional rights. Plaintiff argues that Defendants damaged his property in excess of $2,000,000.00 by charging him for unspecified repairs and preventing him from collecting rent payments. Defendants argue that *Younger* abstention applies because the state court proceedings are ongoing.

## III. APPLICABLE LAW AND ANALYSIS

The Court finds that *Younger* abstention prevents Plaintiff from proceeding on his federal claim because it could have been brought in the state court proceedings.

The Supreme Court articulated the doctrine of abstention in *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* requires a district court to abstain from a matter in which a "state proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998).

In a dual state-federal system, *Younger* abstention is built on common sense and the long-standing doctrines of "equity" and "comity," which prevent federal courts from interfering with ongoing state proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied relief." *Younger*, 401 U.S. at 43-44. As the Sixth Circuit explained in *Carroll*:

> When a person is the target of an ongoing state action involving important state interests, the state defendant cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. If the state defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceedings.

*Carroll*, 139 F.3d at 1074-75.

When *Younger* requirements are met, the district court has the option to dismiss the case without prejudice or hold it in abeyance. *Id.* at 1075.

This case meets the requirements of *Younger*. The first requirement is fulfilled in as much as, the state court proceedings are ongoing; a motion regarding the judicial sale is under advisement. The second requirement is met because the state court

4

proceeding involves an important state interest. The State of Michigan has an important interest in enforcing its state and local nuisance laws as well as compensating court appointed receivers who abate nuisances. *See, e.g.*, *Carroll,* 139 F.3d at 1074-75 (noting that enforcement of housing code important state interest); *Harper v. Public Service Com'n of WVA*, 396 F.3d 348, *352 (4th Cir. 2005)(property law concerns, such as land use and zoning questions, are frequently "important" state interests justifying *Younger* abstention). In addition, the state has an interest in enforcing judgments and determining in the first instance if a judicial sale is appropriate.

Further, *Younger* abstention is applicable because Plaintiff can raise his constitutional challenges in the ongoing state proceeding. Thus far, Plaintiff has chosen not to raise his federal "takings" claim on the merits in the state court. "When a litigant has not attempted to present his federal claims in a related state-court proceeding[], a federal court should assume that state procedures will afford an adequate remedy." *Carroll*, 139 F.3d at 1075.

Moreover, Plaintiff's allegation of an unconstitutional taking without just compensation is not ripe for federal review. Although Plaintiff is currently involved in judicial sale proceedings with Defendants in state court, he has not been denied compensation. Thus, he does not have the injury necessary to make this case ripe for review.

The Fifth Amendment's Taking Clause prohibits appropriation of private property for public use only where just compensation is not paid. U.S. CONST. AMEND. V; *Peters v. Fair*, 427 F.3d 1035 (6th Cir. 2005)(citing *Lingle v. Chevron USA, Inc.*, 125 S.Ct. 2074, 2080 (2005). A taking claim is not ripe if the plaintiff has not sought just

5

compensation by available state court procedures. *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194 (1985)

In *Williamson County Reg'l Planning Comm'n*, the Supreme Court held that "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." 473 U.S. at 195.

"Under Michigan law a "taking" of private property for public use is not restricted to cases involving absolute conversion of private property[.] [It] also includes cases where the value of the property is destroyed by the action of the government or where the owner is excluded from use or enjoyment of his property. . . ." *Bigelow v. Michigan Dep't of Natural Resources*, 970 F.2d 154, 158 (6th Cir. 1992)(citing *Blue Water Isles Co. v. Dep't of Natural Resources*, 171 Mich.App. 526 (1988)). Michigan has an inverse condemnation procedure, by which a plaintiff may recover if the actions of the defendant substantially contribute to and accelerate the decline in the value of the plaintiff's property. *Foster v. City of Detroit*, 254 F.Supp. 655, 665 (6th Cir. 1968) Plaintiff has not pursued this remedy. Thus, his case is not ripe because "the State's action . . . is not 'complete' until the State fails to provide adequate compensation for the taking. *Id.*; *see also Rockstead v. City of Crystal Lake*, No. 06-1286, 2007 WL 1052885, *1 (7th Cir. April 10, 2007)(stating that a plaintiff must file an inverse condemnation suit in state court before filing suit in federal court seeking just compensation because "unless and until the state courts turn him down, his right to just compensation has not been infringed.").

The only remaining question is whether this case should be dismissed without

prejudice or stayed pending the final resolution of the state court proceeding. In making this determination, the Court must "look to the nature of the state proceedings and consider whether a litigant will be able to address his federal claim on the merits in the state court proceeding." *Carroll*, 139 F.3d at 1075. Although the state court confirmed the judicial sale, a motion for entry of judgment is pending. If a judgment is entered, Plaintiff may invoke his appellate rights or file an inverse condemnation claim. Therefore, in contesting the judicial sale, Plaintiff can raise his constitutional claim before the state court.

**IV. CONCLUSION**

For the reasons set forth above, this matter is **DISMISSED**.

**IT IS SO ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: June 27, 2007

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 27, 2007.

S/Carol A. Pinegar
Deputy Clerk

---